UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEANDRE S. WASHINGTON,<br><br>    Plaintiff,<br><br>v.<br><br>HEALTHCARE REVENUE RECOVERY GROUP, LLC, D/B/A ACCOUNT RESOLUTION SERVICES, LLC,<br><br>    Defendant. | Case No. 1:22-cv-02919 |

# COMPLAINT

**NOW COMES** Deandre S. Washington ("Plaintiff"), by and through his undersigned counsel, complaining of Defendant, Healthcare Revenue Recovery Group, LLC, d/b/a Account Resolution Services, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. This action seeks redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Northern District of Illinois, and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

**PARTIES**

4. Deandre S. Washington is a natural person, over 18-years-of-age, who at all times relevant resides in Chicago, Illinois.

5. Healthcare Revenue Recovery Group, LLC, d/b/a Account Resolution Services ("Defendant") is a debt collector and maintains its principal place of business at 1643 North Harrison Parkway, Building H, Suite 100, Sunrise, Florida 33323. Defendant is a debt collector that collects debts on behalf of others throughout the state of Illinois.

**FACTS SUPPORTING CAUSES OF ACTION**

6. Prior to the events giving rise to this action, Plaintiff received medical services over the span of multiple dates resulting in a balanced owed of $2,749.70 ("Subject debts").

7. Unfortunately, Plaintiff was unable to maintain timely payments towards the subject debts thus the subject debts were defaulted on and later obtained by Defendant for collection.

8. On May 10, 2022, Defendant mailed a collection letter to Plaintiff attempting to collect the subject debts ("Defendant's collection letter").

9. Specifically, Defendant's collection letter read, "As required by law, you are hereby notified that a negative credit report may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations. But we will not submit a negative credit report to a credit agency about this credit obligation until the expiration of the time period described below."

10. Moreover, the allotted time period that Defendant refers to is the deadline set for June 11, 2022 for Plaintiff to dispute the validity of the subject debts by contacting Defendant's office.

11. Despite Defendant's promise to not report the subject debts negatively to Plaintiff's credit report until after June 11, 2022, Defendant had already reported the negative subject debts

previously to Plaintiff's credit report beginning on or around November 2021, resulting in damages.

16. Upon information and belief, the credit reporting of the subject debts by Defendant in Plaintiff's credit files were distributed to one or more third parties, thereby misrepresenting facts about Plaintiff and Plaintiff's creditworthiness.

13. Defendant's collection letter was entirely misleading, as it failed to keep its promise to not report the subject debts negatively to Plaintiff's credit report.

14. Due to Defendant's negligence, Plaintiff's credit report and good standing as a consumer has suffered greatly.

## DAMAGES

15. Defendant's harassing and unfair collection conduct has severely disrupted Plaintiff's daily life and general well-being.

16. Plaintiff has expended time and incurred costs consulting with his attorneys as a result of Defendant's false, deceptive, harassing, and misleading collection efforts.

17. Defendant's illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, damage to Plaintiff's credit rating, decreased credit worthiness, reputational harm, nuisance, wasting Plaintiff's time, emotional distress, aggravation that accompanies unsolicited debt collection efforts, harassment, embarrassment, humiliation, emotional distress, anxiety, and loss of concentration.

18. Concerned about the violations of his rights and invasion of his privacy, Plaintiff sought the assistance of counsel to permanently cease Defendant's collection efforts.

**CLAIMS FOR RELIEF**

**COUNT I:**
**Fair Debt Collection Practices Act (15 U.S.C. §1692 *et seq.*)**

19. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

20. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

21. The subject debts is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

22. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail, the telephones, and credit reporting to collect delinquent accounts allegedly owed to a third party.

23. Moreover, Defendant is a "debt collector" because it acquired rights to the alleged debt after it was in default. 15 U.S.C. §1692a(6).

24. Defendant used credit reporting and mail to attempt to collect the subject debts and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

25. Defendant's mail and credit reporting communications to Plaintiff were made in connection with the collection of the subject debts.

26. Defendant violated 15 U.S.C. §§1692e, e(2), e(5), e(10), and f through its unlawful debt collection practices.

    a. **Violations of 15 U.S.C. §1692e**

27. Pursuant to §1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt. 15 U.S.C. § 1692e.

28. Defendant violated 15 U.S.C. §§1692e, e(2), e(5), and e(10) of the FDCPA after it misled Plaintiff and failed to keep its promise as detailed in Defendant's collection letter to Plaintiff.

29. Specifically, Defendant knew or should have known that it was already reporting the subject debts negatively to Plaintiff's credit report since November 2021.

30. Despite already reporting the subject debts in Plaintiff's credit file, Defendant caused to be sent the collection letter to Plaintiff stating that despite Defendant's promise to not report the subject debts negatively to Plaintiff's credit report until after June 11, 2022, Defendant had already reported the negative subject debts previously to Plaintiff's credit report beginning on or around November 2021, resulting in damages.

31. Upon information and belief, the credit reporting of the subject debts by Defendant in Plaintiff's credit files were distributed to one or more third parties, thereby misrepresenting facts about Plaintiff and Plaintiff's creditworthiness.

32. Upon information and belief, Defendant's collection letter to Plaintiff was intended to mislead him into paying the subject debts with the belief that subject debts would not affect his good standing as a consumer negatively.

    **b.    Violation(s) of 15 U.S.C. §1692f**

33. Pursuant to §1692f of the FDCPA, a debt collector is prohibited from using "unfair or unconscionable means to collect or attempt to collect any debt."

34. Defendant violated §1692f by employing unfair and unconscionable means to collect the subject debts from Plaintiff.

35. Specifically, Defendant's collection letter promised to not report the subject debts negatively to Plaintiff's credit report until after June 11, 2022 despite already reporting the subject debts to Plaintiff's report since November 2021.

36. Defendant's misleading actions were unfair and unconscionable to Plaintiff.

37. As alleged above, Plaintiff was harmed by Defendant's conduct.

**WHEREFORE** Plaintiff, DEANDRE S. WASHINGTON, requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1692k; and

d. Award any other relief as this Honorable Court deems just and appropriate.

## COUNT II:
### Illinois Consumer Fraud and Deceptive Business Practices Act

38. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

39. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. 815 ILCS 505/2.

40. Plaintiff is a "person" as defined in ICFA, 815 ILCS 505/1 (c).

41. Plaintiff is a "consumer" as defined in ICFA, 815 ILCS 505/1 (e).

42. Defendant is engaged in "commerce" in the State of Illinois with regard to Plaintiff as defined by ICFA, 815 ILCS 505/1(f).

    a. **Unfairness and Deception**

43. It was unfair for Defendant to promise that it would report the subject debts to Plaintiff's credit report until after June 11, 2022 despite already reporting the subject debts to Plaintiff's report since November 2021.

44. Specifically, Despite already reporting the subject debts in Plaintiff's credit file, Defendant caused to be sent the collection letter to Plaintiff stating that despite Defendant's promise to not report the subject debts negatively to Plaintiff's credit report until after June 11, 2022, Defendant had already reported the negative subject debts previously to Plaintiff's credit report beginning on or around November 2021, resulting in damages.

45. Plaintiff had no choice but to submit to Defendant's negative reporting despite Defendant's failure to keep its promises.

46. Moreover, Defendant's unfair conduct is against public policy because it needlessly subjects consumers to falsehoods, resulting in a significant harm in the form of invasion of privacy and nuisance.

47. As pled above, Plaintiff was substantially harmed by Defendant's unfair conduct.

**WHEREFORE,** Plaintiff, DEANDRE S. WASHINGTON, requests the following relief:

a. a finding that Defendant violated the ICFA;

b. an order enjoining Defendant from further reporting the subject debts in Plaintiff's credit files;

c. an award of actual damages in an amount to be determined at trial;

d. an award of reasonable attorney's fees and costs pursuant to 815 ILCS 505/10a(c); and

e. an award of any further relief that is equitable and just.

**Plaintiff demands trial by jury.**

Date: June 3, 2022

Respectfully Submitted,

**DEANDRE S. WASHINGTON**

By: */s/ Marwan R. Daher, Esq.*
Marwan R. Daher, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8180
mdaher@sulaimanlaw.com