**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

DEANDRE S. WASHINGTON,

    Plaintiff,

v.

HEALTHCARE REVENUE RECOVERY
GROUP, LLC, D/B/A ACCOUNT
RESOLUTION SERVICES, LLC,

    Defendant.

Case No. 1:22-cv-02919

Honorable Thomas M. Durkin

**JOINT STATUS REPORT PURSUANT TO COURT ORDER**

Pursuant to the Court's June 7, 2022 Order [Dkt.14], the Parties submit this Joint Status

Report.

1. Nature of the Case:

    a.    Identify the attorneys of record for each party, including the lead trial attorneys:

**For the Plaintiff:**
**Mohammed O. Badwan**
**Marwan R. Daher**
**Omar T. Sulaiman**
**SULAIMAN LAW GROUP, LTD.**
**2500 South Highland Avenue**
**Suite 200**
**Lombard, Illinois 60148**
**(630) 575-8181**
**mbadwan@sulaimanlaw.com**
**mdaher@sulaimanlaw.com**
**osulaimanlaw@sulaimanlaw.com**

**For the Defendant:**
**Nabil G. Foster**
**Alyssa A. Johnson**
**BARRON & NEWBURGER, PC**
**53 W. Jackson Blvd. # 1205**
**Chicago, IL 60604**
**(312)-767-5750**
**nfoster@bn-lawyers.com**
**ajohnson@bn-lawyers.com**

1

b.    State the basis for federal jurisdiction:

**Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. §1367.**

**Defendant will determine through discovery whether Plaintiff has an injury in fact to demonstrate subject matter jurisdiction.**

c.    Describe the nature of the claims asserted in the complaint and any counterclaims, including relief sought.

**Plaintiff: The Plaintiff is seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1. On May 10, 2022, Defendant sent a collection letter to the Plaintiff indicating that it would not report negatively to Plaintiff's credit report until after June 11, 2022 to allow time for the Plaintiff to dispute the validity of the alleged debt. However, Defendant had already reported negatively on the Plaintiff's report despite sending notice to the contrary to Plaintiff. Defendant's collection letter was misleading and violated the FDCPA and ICFA.**

2.    Pending Motions and Case Plan

a.    Identify any pending motions:
**None.**

b.    Submit a proposal for a discovery plan, including the following information:

i.      The general type of discovery needed:
**The parties anticipate written and oral discovery.**

ii.      A date to issue written discovery:
**10/14/2022**

iii.      If there will be expert discovery relevant to dispositive liability motions, an expert discovery completion date, including dates for the delivery of expert reports:

iv.      A liability discovery completion date:
**2/15/2023**

v.      A deadline to amend pleadings:
**9/14/2022**

vi.      Scheduling of expert discovery relevant to damages should be deferred until it becomes necessary for a hearing or trial. The parties may suggest that expert discovery relevant to damages be scheduled sooner if they believe it is necessary. Generally, the time and expense of expert damage discovery should not be taken until any dispositive motions have been decided, to the parties agree that no such motions will be filed.

vii.      A deadline for filing summary judgment motions should **<u>not</u>** be included. The Court will set that deadline in consultation with the parties after the close of discovery.

viii.      The Court generally approves parties' jointly proposed discovery plans, because the Court trusts that the parties will devise a schedule that both moves the case forward in an efficient manner and takes into account the parties' and counsel's other obligations. Since the Court will be generous in this regard, The Court will be reluctant to grant any extensions of this schedule.

c.      E-Discovery

i.      Indicate whether discovery will encompass electronically stored information, and the parties' plan to ensure that such discovery proceeds appropriately:
**The parties agree to exchange ESI in native format when applicable.**

ii.      Indicate whether the parties anticipate any electronic discovery disputes.
**The parties do not anticipate any issues pertaining to electronically stored information.**

d.      Indicate whether a jury trial is requested and the probable length of trial:
**A jury trial has been requested. The parties anticipate a 2 day trial.**

3.      Consent to Proceed Before a Magistrate Judge

    a.      Indicate whether the parties consent unanimously to proceed before a Magistrate Judge for all matters in the case, including dispositive motions and trial. **The parties do not consent to a Magistrate Judge.**

4.      Status of Settlement Discussions

    a.      Indicate whether any settlement discussions have occurred, and if so, the status of those discussion. Unless it is impossible due to the uncertainty of damages, plaintiffs should have made a demand by the first status conference:

**The parties have not yet engaged in settlement discussions.**

    b.      Whether the parties request a settlement conference before the Magistrate Judge

assigned to the case:

**Not at this time**

Dated: August 16, 2022

| **DEANDRE S. WASHINGTON ,** | **HEALTHCARE REVENUE RECOVERY GROUP, LLC, D/B/A ACCOUNT RESOLUTION SERVICES, LLC,** |
|---|---|
| By:/s/ *Marwan R. Daher* | By: */s/Alyssa A. Johnson* |
| Marwan R. Daher, Esq. | Nabil G. Foster |
| Sulaiman Law Group, Ltd | Alyssa A. Johnson |
| 2500 S Highland Ave, Suite 200 | BARRON & NEWBURGER, PC |
| Lombard, IL 60148 | 53 W. Jackson Blvd. # 1205 |
| (630) 581-5450 | Chicago, IL 60604 |
| mdaher@sulaimanlaw.com | 262-767-5750 |
| *Counsel for Plaintiff* | nfoster@bn-lawyers.com |
| | ajohnson@bn-lawyers.com |
| | *Counsel for Defendant* |

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 16, 2022 a copy of the foregoing was filedelectronically via CM/ECF with the United States District Court for the Northern District of Illinois, which will be sent to all attorneys of record.

/s/ Marwan R. Daher